NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AETREX WORLDWIDE, INC.,** | Civil Action No. 13-1140 (DMC) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **BURTEN DISTRIBUTION, INC., et al.,** | |
| Defendants. | |

**CLARK, Magistrate Judge**

This matter having been opened to the Court upon Plaintiff Aetrex Worldwide, Inc.'s ("Plaintiff") motion for leave to file an amended complaint to add two new causes of action. [Docket Entry No. 29]. Defendant Burten Distribution, Inc. ("Defendant") opposes Plaintiff's motion. [Docket Entry No. 32]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's Motion to Amend is GRANTED IN PART and DENIED IN PART.

I. BACKGROUND

Plaintiff is a manufacturer and seller of orthotics and comfort footwear. *Compl.* at ¶1; Docket Entry No. 1. Since 1984, Plaintiff has been manufacturing and selling its Lynco® brand of orthotics. *Id.* at ¶¶19-20. Additionally, Plaintiff is the creator and owner of the iStep® device, an electronic foot measuring machine, which essentially "maps" a person's foot, and then recommends to customers a specific type of Lynco® orthotic. *Id.* at ¶¶21-24. Defendant is a distributor of footwear products, including Lynco®, to various retail and commercial entities. *Id.*

1

For several years, Plaintiff and Defendant maintained a working relationship pursuant to a contract (the "Distribution Agreement") whereby Defendant would distribute Plaintiff's products to numerous locations in the western United States. *Id.* at ¶30. The parties' most recent Distribution Agreement ended on December 31, 2012. *Id.* at ¶¶31-32.

Plaintiff filed the complaint in this action on February 26, 2013, alleging, *inter alia*, breach of contract, trademark infringement, and unfair competition claims. *See generally Compl.* Plaintiff alleges that Defendant engaged in a comprehensive illegal scheme to confuse customers by selling "knock-off" orthotics, known as "Beats", instead of Plaintiff's premium Lynco® product. *Id.* at ¶¶2, 33-34. Defendant responded to the complaint and counterclaimed against Plaintiff on April 30, 2013. [Docket Entry No. 9]. On October 2, 2013, the Court granted Plaintiff leave to file the instant motion.

By way of its motion, Plaintiff seeks to add additional trademark infringement and unfair competition claims against Defendant, stemming from Defendant's distribution of its own foot-mapping system. Plaintiff alleges that "[a]t a prominent industry trade show in August 2013, [Defendant] advertised and sold to the trade its own foot scanning system, which now competes directly with [the] iStep® foot scanning device." *Proposed Amended Complaint* at ¶10; Docket Entry No. 31. Defendant's foot-mapping device is trademarked under the name GENEXT™ and is owned by Generick, LLC. *Defendant's Brief in Opposition* at 1, n.2; Docket Entry No. 32. Defendant markets its machine (hereinafter, the "GENEXT™ device") with the use of the phrase "State-of-the-Art Foot Mapping in just ONE STEP." *Id.* at 2. The "ONE STEP" part of the phrase is in all capital letters, is bolder, and is a larger type font than the former part of the phrase. *Prop. Am. Compl.* at ¶90. *See also Exhibit E to Prop. Am. Compl.* Plaintiff alleges that "it is no coincidence that [Defendant] uses the phrase 'ONE STEP' to advertise its version of the

iStep® device." *Id.* at ¶11. Plaintiff claims that such a phrase was intentionally chosen to lead to consumer confusion regarding the competing products. *Id.* at ¶11. Further, Plaintiff claims that the purpose of such language is to convince consumers the machines are associated with each other and "that Defendant's foot scanning system is as proficient as the iStep® system." *Id.* at ¶90. As such, Plaintiff claims that Defendant's advertising is infringing and constitutes unfair competition. *Id.* at ¶¶134, 147.

Lastly, as a matter of housekeeping, Plaintiff seeks to amend to properly identify Defendant in this action. Plaintiff improperly pled Defendant as "Burten Distribution, Inc." and has since been notified by Defendant that the proper entity is "Burten Leather and Findings, Inc. d/b/a/ Burten Distribution." *Pltf. Br. Supp.* at 4.

## II. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Otherwise, pursuant to Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of

3

undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).[1] Citing its opinion in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." FED.R.CIV.P. 8(d).

possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

*Iqbal,* 129 S. Ct. at 1949-1950 (citations omitted). The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

Thus, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Id.* at 1949. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *Id.* at 1949-50.

## III. DISCUSSION

### A. Trademark Infringement

Plaintiff seeks to add a cause of action for trademark infringement pursuant to 15 U.S.C. §1114 which provides that "[a]ny person who shall, without the consent of the registrant -- (a) use in commerce any reproduction, counterfeit, copy, sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive…shall be liable" for trademark infringement. 15 U.S.C. §1114(1)(a). In order to prevail on such a claim, a plaintiff must prove that: (1) the mark is valid and legally protectable; (2) it owns the mark; and (3) the defendant's use of the mark is likely to create confusion concerning the origin of goods or services. *Freedom Card, Inc. v. JPMorgan Chase & Co.,* 432 F.3d 463, 470 (3d Cir. 2005). Defendant's argument in response is twofold.

First, Defendant argues that the words "ONE STEP" are being used in a descriptive, non-trademark way and constitute "fair use," thereby absolving Defendant of liability under trademark infringement laws.[2] Second, although Defendant has not contested that iStep® is a valid and legally protectable trademark, or that Plaintiff owns the mark, Defendant submits that Plaintiff's proposed amendment is futile, arguing that Plaintiff has not adequately pled likelihood of confusion.

The Third Circuit has outlined a number of factors to consider when determining whether a likelihood of confusion exists in a trademark infringement case. *See Interspace Corp. v. Lapp, Inc.,* 721 F.2d 460, 463 (3d Cir. 1983). The "*Lapp* test" identifies the following factors as having a possible impact on the likelihood of confusion:

1. The degree of similarity between the owner's mark and the alleged infringing mark;
2. The strength of the owner's mark;
3. The price of the goods and other factors which indicate the care and attention expected of consumers when making a purchase;
4. The length of time the defendant has used the mark without evidence of actual confusion arising;
5. The intent of the defendant in adopting the mark;
6. The evidence of actual confusion;
7. Whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media;
8. The extent to which the targets of the parties' sales efforts are the same;
9. The relationship of the goods in the minds of the public because of the similarity of the function; and
10. Other facts suggesting that the consuming public might expect the prior owner to manufacture in the defendants' market.

*Lapp,* at 463.

"None of these factors is determinative in the likelihood of confusion analysis and each factor must be weighed and balanced one against the other." *Sabinsa Corp. v. Creative*

---

[2] The Court finds that Defendant's "fair use" argument pursuant to section 15 U.S.C. §1115 is premature at this juncture. In essence, Defendant is asking that this Court make a finding as to the merits of Defendant's use of the words "ONE STEP" on its foot scanning device, and whether such use is "fair" under trademark law. The Court is not prepared to make such a finding at this time. Moreover, Defendant's argument is rendered moot by this Court's finding that Plaintiff has failed to plead trademark infringement, to which 15 U.S.C. §1115 is a defense.

*Compounds, LLC*, 609 F.3d 175, 183 (3d Cir. 2010), quoting *Checkpoint Sys., Inc. v. Check Point Software Techs., Inc.*, 269 F.3d 270, 280 (3d Cir. 2001) (internal quotations omitted). A plaintiff's claim is subject to dismissal when it is determined that no reasonable factfinder, when weighing the *Lapp* factors, could find a likelihood of confusion under the facts as pled by the plaintiff. *See generally Id*. The single most probative factor in determining whether there is a likelihood of confusion is the similarity of the marks to one another. *Id.* at 183 (internal citations omitted).

The Court finds that Plaintiff has failed to allege a likelihood of confusion with respect to the iStep® device. First, the only similarity in the advertisement of the two products is the word "step." Second, Defendant's use of the phrase "ONE STEP" is part of the longer phrase "State-of-the-Art Foot Mapping in just ONE STEP." Even though "ONE STEP" is larger and in capital letters, it does not change the fact that "step" is part of a longer phrase and remains the only word shared between the two products. Indeed, Plaintiff's use of "Step" is not in all capital letters and is preceded immediately by "i". Third, the Court finds it of significance that the name of Defendant's device is not the "ONE STEP" device, but is named the "GENEXT™ Orthotic System." *See Ex. E to Prop. Am. Compl., supra.* Indeed, the GENEXT™ logo appears prominently all over the advertisement, as well as the device itself. *Id.* Lastly, and most mystifying to the Court, Plaintiff has failed to include any image, photograph, or otherwise physical description of its own iStep® device. Consequently, the Court does not have a basis on which to compare the two.[3]

---

[3] The Court notes that, in its opposition, Defendant attaches an image of the iStep® device. *See Exhibit A to the Certification of Karen A. Confoy, Esq.,* Docket Entry No. 32-1. Indeed, the Aetrex® symbol is significantly larger and more predominant than the iStep® logo. Moreover, although the devices purportedly perform the same function (i.e. foot-mapping), the Court notes that it appears the devices are significantly different in appearance. Plaintiff's iStep® machine has a place for a customer's feet on the bottom and then has an upright portion with a computer screen at the top. In contrast, Defendant's GENEXT™ device appears from the advertisement to resemble a bathroom scale, with results posted on a separate computer screen, independent from the scanning device. As such,

As to factors two and three, Plaintiff claims that iStep® is a strong mark, alleging that it is "well-known and highly regarded[.]" *Prop. Am. Compl.* at ¶83. However, no other allegations have been made with respect to the machine's success or sales. Plaintiff claims to have "invested millions of dollars in[to] developing and marketing" the iStep® device, but additionally states that it "sells or rents iStep® machines at a price at or below cost to commercial establishments[,]" sometimes even providing the machines "at no charge[.]" *Id.* at ¶¶24-25. Likewise, Plaintiff's only allegation with respect to its customer base is "the material importance to [Plaintiff] and to [Plaintiff's] customers of the unique in-store customer experience and vital hands-on customer service elements of the iStep® fitting concept[.]" *Id.* at ¶43. However, the Court notes that "[w]hen consumers exercise heightened care in evaluating the relevant products before making purchasing decisions, courts have found there is not a strong likelihood of confusion." *Checkpoint Sys.*, 269 F.3d at 284. In this regard, the Court finds that such "material importance" tends to show that customers are not likely to confuse the iStep® with any other device.

Factors four and six pertain to actual confusion, whilst factor nine addresses the relationship of the goods viewed by the public. Plaintiff has made no allegations with respect to actual confusion. Plaintiff has alleged that the public is likely to associate the products with one another, but has pled no facts supporting this allegation. Factor five concerns the defendant's intent in adopting the mark. Again, the Court finds that Plaintiff has alleged that Defendant intended to confuse consumers, but without the requisite factual support, the Court finds that these allegations amount to naked conclusions, and therefore are not entitled to assumption of the

---

the Court finds that no reasonable person would be likely to confuse the two items, or find an association between them.

truth. *Iqbal,* 129 S. Ct. at 1949-1950, *supra.* As such, the Court can afford no weight to such statements in the context of a motion to dismiss.

Only factors seven and eight have the capacity to weigh in Plaintiff's favor. The products are alleged to perform the same essential function (although Plaintiff argues that "[t]he iStep® machine is more technologically advanced than Defendant's device") and consequently, it naturally follows that they would be marketed and sold similarly. *Plaintiff's Brief in Reply,* at 13; Docket Entry No. 34. However, these allegations simply are not enough to state a plausible claim for relief when the Court considers the *Lapp* factors on balance.

As such, in light of the fact that the burden remains with the plaintiff to allege "enough facts to state a claim for relief that is plausible on its face" rather than merely possible, the Court finds that, even when viewed in the light most favorable to Plaintiff, Plaintiff has failed to allege sufficient facts that would allow a reasonable person to find a likelihood of confusion between the two products. *Twombly*, 550 U.S. at 569, *supra*. As such, Plaintiff's request to add a claim for trademark infringement is DENIED.

**B. Unfair Competition**

In addition, Plaintiff seeks to add a cause of action for unfair competition stemming from Defendant's use of "ONE STEP" pursuant to 15 U.S.C. §1125 as well as New Jersey statutory and common law. *Prop. Am. Compl.* at ¶147. It is well-settled that "the elements for a claim for trademark infringement under the Lanham Act are the same as the elements for a claim of unfair competition under the Lanham Act and for claims of trademark infringement and unfair competition under New Jersey statutory and common law[.]" *J & J Snack Foods Corp. v. Earthgrains Co.*, 220 F. Supp. 2d 358 (D.N.J. Sept. 25, 2002). That being so, the Court need not engage in a detailed analysis to find that Plaintiff's proposed amended complaint similarly fails

to state a claim for unfair competition. Accordingly, Plaintiff's request to amend in that respect is DENIED.

### C. Substitution of Defendant

Plaintiff lastly seeks to amend the complaint to properly plead Defendant in the caption of this matter. Defendant does not address this portion of Plaintiff's motion in its opposition papers, and indeed, Plaintiff notes in its reply that "Defendant does not oppose the portion of Plaintiff's motion seeking to amend Defendant's name in the caption." *Pltf.'s Br. Reply,* at 1. n.1. Accordingly, the Court shall allow Plaintiff to amend with respect to this request only.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint is hereby GRANTED IN PART and DENIED IN PART. An appropriate Order follows.

Dated: November 25, 2013

                                                         s/James B. Clark, III
                                                         **HONORABLE JAMES B. CLARK, III**
                                                         **UNITED STATES MAGISTRATE JUDGE**