**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| AETREX WORLDWIDE, INC., | : | |
| Plaintiff, | : | Hon. Stanley R. Chesler, U.S.D.J. |
| | : | Civil Action No. 13-1140 (SRC) |
| v. | : | |
| BURTEN DISTRIBUTION, INC. et al., | : | **OPINION & ORDER** |
| Defendants. | : | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the appeal by Defendant Burten Distribution, Inc. ("Burten") of the non-dispositive order by Magistrate Judge Clark, entered on April 7, 2014, denying Defendant's application to file certain motions. For the reasons set forth below, the matter will be remanded to the Magistrate Judge for further consideration.

On March 20, 2014, Burten submitted a letter request to the Magistrate Judge seeking leave to file three motions: 1) a motion for a protective order; 2) a motion to quash certain subpoenas; and 3) a motion to set the locations of certain depositions. On April 7, 2014, Magistrate Judge Clark entered a letter order denying Burten's requests.

Burten now appeals the Magistrate Judge's decision, arguing, in short, that it was deprived of an opportunity to develop its arguments on the issues and to have them heard by Magistrate Judge Clark prior to the issuance of the decision. Burten contends that its letter request merely outlined the general bases for the relief it sought to obtain in the three motions, but that Magistrate Judge Clark ruled on the letter request as if it contained a full exposition of Burten's arguments in support of the three motions. Burten contends that this was not proper

under the Federal Rules of Civil Procedure and this district's Local Civil Rules.

It appears that Burten did not fully appreciate the nature of the procedure that Magistrate Judge Clark utilizes. He, like many Magistrate Judges in this district, requires a party seeking relief in a discovery matter to initially make a good faith effort to resolve its dispute without judicial intervention. If that is not successful, a party must then informally contact the Court, usually through a letter which advises the Court of the dispute. The purpose of this requirement is to enable the Magistrate Judge to determine whether the matter warrants full-blown motion practice, or should be resolved in a more expedited or abbreviated manner. In order for the Magistrate Judge to make this determination, a party seeking judicial intervention should fully inform the Magistrate Judge about the bases on which it seeks relief, because it should be anticipated that the Court will resolve the dispute based upon this submission.

Here, it appears that Burten's submission did not fully set forth its position, because Burten believed that further submissions would necessarily ensue. This assumption was not correct.

This Court has reviewed Judge Clark's Opinion, with the rationale for his decision, and it appears to be well-reasoned. Nevertheless, in an excess of caution, the Court will provide Burten with an opportunity to amplify any arguments which it believes were not fully presented to the Court, and this matter will be remanded for this limited purpose.

For the reasons stated above,

**IT IS** on this 15th day of September, 2014

**ORDERED** that this matter is **REMANDED** to Magistrate Judge Clark for further proceedings in accordance with this Opinion and Order.

                                          s/ Stanley R. Chesler  
                                      Stanley R. Chesler, U.S.D.J.