NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **AETREX WORLDWIDE, INC.,** | : | |
| | : | **Civil Action No. 13-1140 (SRC)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **MEMORANDUM OPINION** |
| | : | |
| **BURTEN DISTRIBUTION, INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**CLARK, Magistrate Judge**

This matter has been remanded to this Court by Order of the Honorable Stanley R. Chesler, U.S.D.J. for the presentation of additional arguments by counsel on a motion for a protective order and to quash subpoenas.  Defendant Burten Leather and Findings, Inc. d/b/a Burten Distribution ("Burten") has filed a motion to request that the Court issue a protective order on discovery and to quash subpoenas issued by Plaintiff Aetrex Worldwide, Inc. ("Aetrex"). [Docket Entry No. 93]. Plaintiff opposes Defendant's motion. [Docket Entry No. 97].  The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Defendant's motion.  The Court considers Defendant's motion without oral argument pursuant to L.Civ.R. 78.1(b).  For the reasons set forth more fully below, Defendant's Motion is DENIED.

## I.   BACKGROUND

Plaintiff Aetrex is a manufacturer and seller of orthotics and comfort footwear. *Am. Compl.* at ¶1; Docket Entry No. 40.  Since 1984, Aetrex has been manufacturing and selling its Lynco® brand of orthotics. *Id.* at ¶¶20-21.  Defendant Burten is a distributor of footwear products, including Lynco®, to various retail and commercial entities.  *Id.*  For several years, Aetrex and Burten

1

maintained a working relationship pursuant to a contract (the "Distribution Agreement") whereby Burten would distribute Aetrex's products to numerous locations in the western United States. *Id.* at ¶31.  The parties' most recent Distribution Agreement ended on December 31, 2012. *Id.* at ¶¶32-33.

Aetrex filed the complaint in this action on February 26, 2013, alleging, *inter alia*, breach of contract, trademark infringement, and unfair competition claims. *See generally Compl*.  Aetrex alleges that Burten engaged in a comprehensive illegal scheme to confuse customers by selling "knock-off" orthotics, known as "Beats", instead of Aetrex's premium Lynco® product. *Id.* at ¶¶2, 33-34.  Burten responded to the complaint and counterclaimed against Aetrex on April 30, 2013. [Docket Entry No. 9].

On March 17, 2014 Aetrex served a total of ten subpoenas to various non-parties seeking testimony and the production of documents.  On March 20, 2014, pursuant to L.Civ.R. 37.1 and this Court's judicial preferences, Burten wrote a letter to the Court objecting to Aetrex's subpoenas and seeking leave to file a motion for a protective order and to quash the subpoenas.  Aetrex filed a response urging the Court to deny Burten's request to file a formal motion.

Upon review of the parties' submissions, the Court determined that formal motion practice was "not warranted[,]" finding that "the information sought via the subpoenas is relevant or, in the alternative, is 'reasonably calculated to lead to the discovery of admissible evidence.'" *Letter Order dated April 7, 2014* ("Letter Order") at 5; Docket Entry No. 67.  Furthermore, the Court found that Burten's arguments did not "suggest that further briefing on the matter [was] necessary." *Id.*   As such, Burten's request to file a formal motion was denied.

Burten appealed this Court's April 7th Order to the District Court, arguing that it was not given an adequate opportunity to fully present its arguments prior to the Court rendering a decision

on same.  By Order dated September 15, 2014, the Honorable Stanley R. Chesler, U.S.D.J. held that, while the Court's April 7th Order "appear[ed] to be well-reasoned…[n]evertheless, in an excess of caution, the Court will provide Burten with an opportunity to amplify any arguments which it believes were not fully presented to the Court[.]" *See* Docket Entry No. 87.  Upon remand, and a telephone conference with the parties, this Court advised that, for the purpose of streamlining matters and avoiding further motion practice, the Court would permit the parties to brief the substance of the would-be formal motion for a protective order and to quash the subpoenas. *See* Docket Entry No. 91.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation. Pursuant to Rule 26(b)(1), the scope of permissible discovery is quite broad.  Indeed, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(b)(1).  While relevant information need not be admissible at trial in order to grant disclosure, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).  Upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action. Notably, Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981).

Nevertheless, while undeniably broad, there are limits to the permissible scope of

discovery.  For example, Rule 26(b)(2)(C) specifically requires courts to limit discovery where

"the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some

other source that is more convenient, less burdensome, or less expensive" and where "the burden

or expense of the proposed discovery outweighs its likely benefit, considering the needs of the

case, the amount in controversy, the parties' resources, the importance of the issues at stake in

the action, and the importance of the discovery in resolving the issues."  Rule 26(b)(2)(C)(i) &

(ii).  Similarly, pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect

a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

In moving for a protective order, "[t]he burden is upon the movant to show the necessity of its

issuance, which contemplates a particular and specific demonstration of fact as distinguished

from stereotyped and conclusory statements." *United States v. Garrett,* 571 F.2d 1323, 1326, n.3

(3d Cir. 1978).  "Broad allegations of harm, unsubstantiated by specific examples or articulated

reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108,

1121 (3d Cir. 1986).

      Discovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of

discovery permissible under Rule 26(b).  *OMS Investments, Inc. v. Lebanon Seaboard Corp.*,

Civil Action No. 08-2681 (AET), 2008 U.S. Dist. LEXIS 94165, *2 (D.N.J. Nov. 18, 2008).  In

addition, pursuant to Rule 45(d)(1), "[a] party or attorney responsible for issuing and serving a

subpoena must take reasonable steps to avoid imposing undue burden or expense on a person

subject to the subpoena" and the Court has a responsibility to enforce this duty.  However, it is

the party claiming undue burden that must establish same.  *Nye v. Ingersoll Rand Company*, Civ.

No. 08-3481 (DRD), 2011 U.S. Dist. LEXIS 7383, *6 (D.N.J. Jan. 25, 2011); *OMS Investments*,

2008 U.S. Dist. LEXIS 94165 at *2.   If a subpoena falls outside the scope of permissible

4

discovery, the Court has authority to Quash or modify it upon a timely motion by the party

served. FED.R.CIV.P. 45(d)(3). Specifically, four circumstances exist which require the Court to

quash or modify a subpoena. Rule 45(d)(3)(A) provides that:

> (A)   On timely motion, the court for the district where compliance is required must
>        quash or modify a subpoena that:
>> (i)    fails to allow reasonable time for compliance;
>> (ii)   requires a person to comply beyond the geographical limits
>>        specified in Rule 45(c);
>> (iii)  requires disclosure of privileged or other protected matter, if no
>>        exception or waiver applies; or
>> (iv)   subjects a person to undue burden.

*Id.*  In contrast, a court *may* quash or modify a subpoena where it requires "disclosing a trade

secret or other confidential research, development, or commercial information." Rule

45(d)(3)(B)(i).

## III.   <u>DISCUSSION</u>

Burten argues that the information sought by Aetrex's subpoenas is irrelevant to the claims

set forth in Aetrex's complaint and that Burten has standing to move for a protective order on that

basis.   Specifically, Burten identifies 115 discovery requests in the subpoenas ("Disputed

Requests") to which it objects.  Burten contends that information sought regarding Beats orthotics

is outside the scope of the parties' Distribution Agreement and therefore, does not underlie the

basis of this action. *See Burten's Brief in Support* at 2; Docket Entry No. 93. The complaint, Burten

argues, contains no "claim that Burten's involvement with Beats is 'illegal' or 'wrongful[,]'" and

therefore, "there is no nexus between the Disputed Requests and the claims Aetrex has actually

asserted against Burten[].]" *Id.* at 1-2.  As such, Burten submits that the subpoenas seek wholly

irrelevant information beyond even the contemplation of Rule 26 and that a protective order be

issued.  In the alternative, Burten argues that it has standing to challenge the subpoenas because it

"has a defined right in maintaining the confidentiality of its confidential business information, which Aetrex seeks to obtain from [the subpoenaed entities.]" *Id.* at 13.  In this regard, Burten requests that the subpoenas be quashed.[1]

Aetrex submits that Burten's motion should be denied, arguing that Burten lacks standing to challenge the subpoenas in any capacity.[2] As to Burten's relevancy objections, Aetrex contends that Burten's "actions with respect to Lynco® orthotics and Beats orthotics are inherently intertwined." *Aetrex's Brief in Opposition* at 12; Docket Entry No. 97.  Aetrex maintains that Burten engaged in a "comprehensive scheme" which has been "incorporated in each cause of action because each cause of action represents one aspect of the overall scheme to promote knock-off Beats orthotics at the expense of Aetrex's Lynco® orthotics business." *Id.* at 13.  Pointing specifically to Count VII, Aetrex argues that the "scheme to promote Beats orthotics was born out of [Burten's] exploitation of its relationship with Aetrex" and that Burten was therefore unjustly enriched. *Id.* at 14. As such, Aetrex submits that it cannot reasonably be limited to discovery with respect to solely the Lynco® orthotics.

Additionally, Aetrex asserts that Burten has failed to establish its burden that it has standing to quash the subpoenas because of a "personal privilege in the production sought." *Id.* at 6-7 (*citing Schmulovich v. 1161 R. 9, LLC,* 2007 U.S. Dist. LEXIS 59705 at *2 (D.N.J. Aug. 15, 2007)).

---

[1] Burten also presents the additional argument that Aetrex waived its right to seek information related to Beats orthotics because Burten objected to several of Aetrex's interrogatories and document requests regarding same and likewise did not provide documents or responses thereto. *See Burten's Br. Supp.* at 6-7. However, in a footnote, Burten states that it "has not objected to discovery related to the claims made in Counts VII, VIII and IX." *Id.* at n.5. The Court is therefore not persuaded by this argument as it finds that the information sought by the subpoenas is in connection with those very Counts. Moreover, Aetrex has asserted that several third-parties "likely are in exclusive possession of relevant documents related to both Lynco® and Beats orthotics." *Aetrex's Br. Opp.* at 3.

[2] Aetrex argues that Burten has taken the position that the subpoenas "impose an undue burden on the third-parties[.]" *Aetrex's Br. Opp.* at 4.  It doesn't appear to the Court that this is the case.  It appears that the arguments advanced by counsel for Burten are limited to relevancy and privileged information and indeed, Burten confirms that "[i]t is not the burden placed on the non-parties" that is the basis for its motion. *Burten's Brief in Reply* at 1; Docket Entry No. 98. As such, the Court finds that an undue burden analysis is unnecessary.

Furthermore, Aetrex argues that no specific confidential information has been identified and, even if identified, such information could be protected by the provisions of the parties' Discovery Confidentiality Order ("DCO"). *Id.* at 8-10.[3]

## A. Standing

Generally, a motion to quash or modify a subpoena must be brought by the individual to whom it was directed. *See Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-435 (E.D. Pa. 2001). However, "a party has standing to bring a Motion to Quash or modify a subpoena upon a non-party when the party claims a personal privilege in the production sought." *Schmulovich*, 2007 U.S. Dist. LEXIS 59705, *2 (internal citations omitted); *see also Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."). In this regard, "[a] party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." *Universitas Educ., LLC v. Nova Group, Inc.*, 2013 U.S. Dist. LEXIS 1720 at *16 (S.D.N.Y. Jan. 4, 2013). If a party lacks standing to move to quash or modify a subpoena, however, a party may utilize another mechanism to challenge a subpoena that seeks irrelevant information. "A party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." *US EEOC v. United Galaxy*, 2011 U.S. Dist. LEXIS 103398

---

[3] The Court notes that Burten filed a reply brief on October 27, 2014 which was not permitted by the briefing schedule entered on October 6, 2014. *See* Docket Entry Nos. 91, 98] Aetrex similarly filed a sur-reply requesting that the Court either disregard Burten's reply, or permit consideration of a sur-reply. [Docket Entry No. 99]. In an effort to fully resolve this matter on the merits, the Court has considered both submissions in connection with this motion.

at *5 (D.N.J. Sept. 13, 2011) (*citing In re Remec, Inc. Sec. Litig.*, 2008 U.S. Dist. LEXIS 47412 at *1 (S.D.Cal. May 30, 2008) (internal citations and quotations omitted).

The Court finds that Burten lacks standing to quash or modify the subpoenas based upon a claim of relevancy, or lack thereof.  Nevertheless, the Court finds that Burten does have standing under Rule 26 to move for a protective order to enjoin the production of irrelevant information for subpoenas issued to non-parties. *See United Galaxy,* 2011 U.S. Dist. LEXIS 103398 *5.  As such, the Court will turn to the question of whether the information sought is relevant to this action.

### B.  Relevancy

Any discovery sought by way of a Rule 45 subpoena must fall within the scope of discovery allowed by Rule 26. *Schmulovich,* 2007 U.S. Dist. LEXIS 59705, *2.  In this regard, such information must be "relevant to any party's claim or defense…[but] need not be admissible[.]" Rule 26.  "Relevancy is defined as 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case[.]'" *Eisai Co. v. Teva Pharms. USA, Inc.*, 2009 U.S. Dist. LEXIS 114105 at *6 (D.N.J. Dec. 8, 2009) (*citing Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)).

Under the guiding principles that discovery is broad and that Rule 26 strongly favors disclosure, the Court finds that the information sought by the subpoenas is relevant.  Contrary to Burten's assertion that "this case is simply not about Beats[,]" a review of the amended complaint reveals that Burten's involvement with Beats orthotics plays a critical role in Plaintiff's claims. *Burten's Br. Supp.* at 3.  Moreover, concluding that Beats orthotics plays no role in this case would be tantamount to finding that one or more of Aetrex's claims fail as a matter of law, something that this Court is not prepared to do.  Indeed, the word "Beats" appears no less than 35 times in the amended complaint and is referenced in both Aetrex's general allegations, as well as its specific

causes of action.  Burten's actions with respect to the Beats orthotics appear to the Court to be central to Aetrex's alleged "comprehensive scheme" and furthermore, as this Court previously found, although no provisions for Beats orthotics were contemplated by the Distribution Agreement, "Aetrex's allegations stem from conduct arising both pursuant to, and outside the scope of the Distribution Agreement." *Letter Order* at 5.  Aetrex's amended complaint not only alleges breach of contract claims, but also violations of 15 U.S.C. §§1114 and 1125, N.J.S.A. 56:4-1, and common law tort claims. *See Am. Compl.* at ¶¶124, 132, 139, 143.

The Court is not persuaded by Burten's argument that the burden of production outweighs the benefit or that Aetrex is "improperly using this litigation to acquire information about a competitive product[.]" *Burten's Br. Supp.* at 12-13.  First, it is undisputed that, prior to the instant issue arising, none of the ten recipients of the subpoenas have moved to quash on any ground.[4] Moreover, all 115 Disputed Requests are not issued to every party, but appear to be tailored to each recipient's knowledge and information.  Indeed, in no subpoena does the number of document request categories exceed 23. *See generally Exhibit A to the Certification of Karen Confoy*; Docket Entry No. 94-1.  As such, the Court finds that the burden of each subpoena on its respective party does not outweigh the benefit to Aetrex of receiving such relevant information.  Second, Aetrex's complaint clearly alleges that Burten "induced Aetrex's distributors and customers to purchase inferior Beats orthotics and deliberately confused them into believing that the Beats knock-offs are superior or equivalent to Lynco® brand orthotics" and further, that Burten manipulated the presentation of the orthotics and shipped Beats to customers who ordered Lyncos®. *Am. Compl.* at ¶130.  In this regard, the Court disagrees with Burten that Aetrex is seeking information about a competitive product, and rather finds that the allegations set forth by Aetrex in the amended

___
[4] Aetrex does note that a few of the third-parties asked for additional time to respond to the subpoenas. *See Aetrex's Brief in Sur-Reply* at 2; Docket Entry No. 99.

complaint provide a foundation for the information sought by the subpoenas. Accordingly, Burten's motion for a protective order is DENIED.

### C.  Privileged or Confidential Material

For purposes of standing, Burten's assertion that it has a privilege in the production sought by the subpoenas will suffice.  The question of whether such a claim of privilege constitutes grounds for quashing a subpoena, however, is a separate inquiry.   Burten argues that it "has a defined right in maintaining the confidentiality of its confidential business information" and that the subpoenaed entities are not signatories to the DCO in this case. *Burten's Br. Supp.* at 13.  Aetrex opposes by arguing that Burten fails to identify with any specificity "the purportedly confidential information that will be revealed in the third-parties' responses to the subpoenas." *Aetrex's Br. Opp.* at 7.   Consequently, Aetrex submits that Burten is essentially arguing that "all of the information sought in the third-party subpoenas is confidential[.]" *Id.* at 8 (emphasis omitted). Lastly, Aetrex contends that any confidentiality concerns anticipated by Burten can be easily assuaged by an agreement "that certain information obtained from third-parties would be produced in accordance with the DCO." *Id.* at 10.  Burten has replied by stating that specific confidential information could not be initiatlly identified because Burten "does not know what will be produced." *Burten's Br. Reply* at 2, ¶4.

The Court finds that Burten has failed to show that the subpoenas must be quashed because they require disclosure of privileged or other protected matter. Rule 45(d)(3)(A).  Moreover, to the extent that the Court, in its discretion, may quash a subpoena for the disclosure of confidential information under Rule 45(d)(3)(B), the Court declines to do so for a number of reasons.  First, as Burten tacitly admits in its reply, no attempt has been made to identify the confidential information which is purportedly sought by the subpoenas.  Likewise, the Court is persuaded by Aetrex's

argument that Burten's initial argument is defeated by the statement that it does not know what will be produced.  Certainly, the Court recognizes that information produced by the third-parties may very well be confidential, but the failure of Burten to make any such identification renders the argument vulnerable.  Second, the general notion that some not-yet-identified confidential information might be produced is unavailing to Burten, as the Court finds that such information would be subject to the provisions of the DCO and, at Aetrex's suggestion, it appears that Plaintiff is willing to enter into a separate or supplemental agreement which would protect any such confidential information.[5]  The Court finds that quashing subpoenas in this instance for the mere potential disclosure of confidential information is an extreme remedy, especially given the fact that it is not mandatory, but is within the Court's discretion to do so.   As such, Burten's motion to quash the subpoenas is DENIED.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion for a protective order and to quash the subpoenas is hereby DENIED. An appropriate Order follows.


Dated: December 12, 2014


s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Here, Aetrex appears to raise a good faith suggestion to address Burten's confidentiality concerns.  Similarly, Burten's reply letter requests that discovery produced under the subpoenas be subject to the DCO. *See Burten's Br. Reply* at ¶4.  The Court encourages and indeed, would expect the parties to execute such an agreement, if appropriate.