UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AETREX WORLDWIDE, INC., | : | |
| Plaintiff, | : | Hon. Stanley R. Chesler, U.S.D.J. |
|  | : | Civil Action No. 13-1140 (SRC) |
| v. | : | |
| BURTEN DISTRIBUTION, INC. et al., | : | **OPINION & ORDER** |
| Defendants. | : | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the appeal by Defendant Burten Distribution, Inc. ("Burten") of the non-dispositive order by Magistrate Judge Clark, entered on May 1, 2015, denying Defendant's motion for reconsideration. For the reasons set forth below, the Magistrate Judge's order will be affirmed.

Briefly, the history is as follows. This appeal arises from a discovery dispute between Burten and Plaintiff Aetrex Worldwide, Inc. ("Aetrex"): Burten sought to quash certain subpoenas issued by Aetrex, which sought discovery relating to Beats orthotics. In his opinion dated December 12, 2014, Magistrate Judge Clark denied Burten's motions for a protective order and to quash the subpoenas. Burten moved for reconsideration, which Magistrate Judge Clark denied in his order entered on May 1, 2015. Burten now appeals both decisions.

In Magistrate Judge Clark's careful and well-reasoned opinion dated December 12, 2014, he addressed three issues. First, he considered the question of Burten's standing to move to quash subpoenas directed at non-parties, and concluded that Burten lacked standing to do so, but did have standing to move for a protective order to prevent the production of irrelevant

information. Next, he considered the question of whether the information sought was permissible under Rule 26, and concluded that it was. Last, he considered the question of whether Burten could quash the subpoenas because they contain privileged material, and concluded that Burten could not do so. Magistrate Judge Clark denied both the motion to quash and the motion for a protective order.

Burten then moved for reconsideration of this decision, arguing that the Magistrate Judge erred in his Rule 26 analysis. Now, on appeal, it appears to be only the Rule 26 analysis that Burten contends is in error.

A Magistrate Judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Burten argues that the Magistrate Judge erred by not presenting an itemized analysis of its 115 disputed discovery requests. Burten implies that Magistrate Judge Clark should have written an opinion which went through all 115 requests, item-by-item. It is worth noting that Burten's opening brief for this appeal contains no analysis of any individual discovery requests.[1] It offers not even a single example of a discovery request that it contends exceeds the limits of permissible discovery, with an analysis of how the Magistrate Judge erred by allowing that request. All the brief says is that Magistrate Judge Clark did not do an item-by-item analysis of 115 discovery requests, and should have.

Nor does Burten offer any controlling authority which stands for the proposition that a decision on questions of relevance under Rule 26 must present an item-by-item analysis of every discovery request. Burten cites three cases from this district in which a court did, in fact,

---

[1] To the extent that Burten offered new arguments in its reply brief, these arguments have not been considered. Anspach v. City of Philadelphia, 503 F.3d 256, 259 (3d Cir. 2007) ("failure to raise an argument in one's opening brief waives it.")

conduct such an item-by-item analysis.  Indeed, that may be a good idea in certain situations.  But three examples from sister courts do not make for controlling authority.

Burten concedes that some discovery related to Beats orthotics is proper, but contends that the requests by Aetrex are overbroad.  Again, Burten gives not even one example of a request it believes to be overbroad.  Nor does it offer a general characterization of the information related to Beats orthotics that might properly be the subject of discovery, and the information that is not.

The Amended Complaint offers this helpful summary of the allegations regarding the Beats orthotics:

> In sum, during the term of its Distributor Agreement with Aetrex, Burten Distribution, through its principal Gene Burten, contrived and implemented an elaborate plot to use his relationship with Aetrex as a vehicle to assist in the development, introduction, and distribution of a competitive low-quality knockoff of Aetrex.s premium Lynco® line of orthotics – the knock-off orthotics are known as "Beats," and are made by a company named "Pedors."  To facilitate its scheme, Burten Distribution used its inside knowledge of Aetrex's Lynco® orthotics and its accompanying unique iStep® electronic fitting system, which Burten Distribution acquired by virtue of its status as an Aetrex distributor. Upon information and belief, Burten Distribution played an integral role in developing the inferior Beats knockoffs, and took a significant role in introducing those knock-offs into the marketplace. In so doing, Burten Distribution improperly accessed and deceived Aetrex's customers.

(Am. Compl. ¶ 2.)

Federal Rule of Civil Procedure 26(b)(1) defines the scope of permissible discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter

> involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

It is the second-to-last sentence in this paragraph that greatly widens the scope of permissible discovery: the court may order discovery of "*any matter relevant* to the subject matter involved in the action." This Court has reviewed the 115 disputed requests and finds no basis to disagree with the decision of Magistrate Judge Clark: all appear to be relevant to the subject matter of the action, and thus within the scope of discovery permitted by Rule 26.

This Court has reviewed both the Magistrate Judge's decision denying reconsideration, entered May 1, 2015, as well as the decision denying the motion to quash and the motion for a protective order, entered December 15, 2014, and finds that neither decision is clearly erroneous or contrary to law. The decisions of the Magistrate Judge will be affirmed.

For the reasons stated above,

**IT IS** on this 30th day of June, 2015

**ORDERED** that the order of Magistrate Judge Clark, entered on December 15, 2015 (Docket Entry No. 101), and the order entered on May 1, 2015 (Docket Entry No. 106) are hereby **AFFIRMED**.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.